■ ALBERT RALL et al., Respondents, v LUIS F. GONZALEZ et al., Appellants. [914 NYS2d 254]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated November 16, 2009, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability is denied.

The plaintiff Albert Rall (hereinafter the plaintiff) allegedly sustained personal injuries in the course of a multiple car chain collision on the eastbound roadway of the Long Island Expressway, on November 6, 2007. After joinder of issue, the plaintiffs moved, inter alia, for summary judgment on the issue of li-

ability. Notably, during his testimony at his deposition, a transcript of which was submitted in support of the motion, the plaintiff acknowledged that he had no recollection as to how the subject motor vehicle accident occurred. In this regard, the plaintiff never proffered any testimony that, prior to the occurrence, the defendants' motor vehicle was traveling directly behind his vehicle on the roadway. Furthermore, the plaintiff acknowledged during his deposition that, following the accident, he never observed the defendants' tractor trailer at the accident scene. Thus, the admissible evidence submitted by the plaintiff in support of his motion, inter alia, for summary judgment on the issue of liability failed to establish his entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Under these circumstances, it is not necessary to consider the sufficiency of the defendants' opposition papers (see Tchjevskaia v Chase, 15 AD3d 389 [2005]). Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.